THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : 3:21-CR-206 |
| | : (JUDGE MARIANI) |
| MIGUEL EDUARDO ROSARIO, | : |
| | : |
| Defendant. | : |

## MEMORANDUM & ORDER

On July 27, 2021, Defendant Miguel Eduardo Rosario was charged in a five-count indictment charging him with one count of conspiracy to distribute controlled substances resulting in serious bodily injury or death in violation of 21 U.S.C. § 846, two counts of distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1), one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c), and one count of firearms conspiracy in violation of 18 U.S.C. § 924(o). (*See* Doc. 1). Trial in this matter is scheduled to commence on January 23, 2023.

Presently before the Court is Defendant Rosario's Motion in Limine to Limit Testimony Concerning Alleged Drug Jargon (Doc. 103).[1]

---

[1] The Court notes at the outset that it exercises its discretion to rule *in limine* on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). Although "[t]he purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. . . [, t]he trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *United States v. Tartaglione*, 228 F.Supp.3d 402, 406 (E.D.Pa. 2017) (internal citations omitted). Further, while motions *in limine* may serve as a useful pretrial tool that enables a more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the context of trial would provide clarity." *Frintner v.*

Defendant Rosario's motion *in limine* states that "the interpretation of certain words used by the Defendant and others in various written communications (texts and/or Facebook Messages)" may be a "potential issue" at trial. (Doc. 103, ¶ 3). Defendant argues that "[t]o date, the government has not identified an expert witness in this case who could appropriately testify as to this matter pursuant to Federal Rules of Evidence 702 and 703" and thus requests that this Court "exclude any witness testimony interpreting alleged code words or drug jargon unless the government identifies an appropriate expert in advance of trial." (*Id.* at ¶¶ 4, 5). (*See also*, Doc. 104, at 1-2 ("unless and until the government provides the defense with an adequate written summary of expert testimony pursuant to Fed. R. Crim. P. 16(a)(1)(G), Mr. Rosario moves the Court to preclude the government from eliciting such testimony in its case-in-chief")). Defendant further requests that should the Government identify an "appropriate witness in advance of trial", the scope of the testimony, "including identification of which words and phrases require explanation", be provided. (Doc. 103, ¶ 6).

In response to Defendant's motion, the Government states that DEA Task Force Officer Frank Carito may be called at trial as an "expert witness or a witness with

---

*TruePosition*, 892 F.Supp.2d 699, 707 (E.D. Pa. 2012) (citing *Japanese Elec. Prods.*, 723 F.2d at 260). In addition, "motions in limine often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997).

It is important to note that "in limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000). *See also, Luce v. United States*, 469 U.S. 38, 41-42 (1984) ("... even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").

specialized knowledge and/or experience to offer testimony involving the interpretation of certain drug jargon contained in relevant electronic communications in this case, as well as the role of firearms in drug trafficking. . ." (Doc. 125, at 2). The Government asserts that it has notified Defendant that it may be calling TFO Carito, in part, for this purpose. (*Id.*). Subsequent to the filing of Defendant's present motion and the Government's response thereto, the Government also filed a "Notice of Expert Witnesses" pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G), placing the defendant on notice of eight expert witnesses, including TFO Carito (*see* Doc. 133; *see also*, Doc. 137-1). The Government's Notice states that "it may call Frank Carito, a Pennsylvania State Police Officer and Task Force Officer ('TFO') with the DEA, as an expert witness in this case" and that "TFO Carito may provide expert opinions concerning, inter alia, drug trafficking in general, the 'modus operandi' of drug-traffickers, tools of the drug trafficking trade (e.g. firearms, cell phones), and the lingo/terminology often used in the drug-trafficking world," all pursuant to Federal Rules of Evidence 702, 703 and/or 705.

The Federal Rules of Evidence, and Rule 702 in particular, assign the trial court "the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993). Pursuant to Federal Rule of Evidence 702,

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

3

> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The inquiry under Rule 702 is "a flexible one." *Daubert,* 509 U.S. at 594. The overarching subject of the Rule is "the scientific validity and thus the evidentiary relevance and reliability – of the principles that underlie a proposed submission." *Id.* at 594-595.[2] Federal Rule 703, provides in relevant part that:

> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted.

Fed. R. Evid. 703. "An expert who testifies primarily from experience must explain 'how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts.'" *Trout v. Milton S. Hershey Med. Ctr.*, 576 F.Supp.2d 673, 676 (M.D. Pa. 2008) (quoting *Suter v. Gen. Acc. Ins. Co. of Am.*, 424 F.Supp.2d 781, 788 (D.N.J. 2006) (quoting Fed. R. Evid. 702 advisory committee's note, 2000 amends.)).

It is well-established "that experienced government agents may testify to the meaning of coded drug language under Fed. R. Evid. 702." *United States v. Gibbs*, 190 F.3d 188, 211 (3d Cir. 1999). "Because the primary purpose of coded drug language is to

---

[2] Although *Daubert* held that Rule 702 imposes an obligation on the Court to "ensure that any and all scientific testimony . . . is not only relevant, but reliable", this gatekeeping obligation has subsequently been extended to all expert testimony and is not limited only to "scientific" testimony. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999).

conceal the meaning of the conversation from outsiders through deliberate obscurity, drug traffickers' jargon is a specialized body of knowledge and thus an appropriate subject for expert testimony." *Id.* Accordingly, "[s]uch testimony is relatively uncontroversial when it permits a government agent to explain the actual meanings of coded words – that is, when the agent acts as a translator of sorts." *Id. See also*, *United States v. Walker*, 657 F.3d 160, 176 (3d Cir. 2011) ("Our court has previously recognized that law enforcement officials can rely upon their specialized knowledge or experience to offer expert testimony on various aspects of drug trafficking. *See, e.g., United States v. Perez*, 280 F.3d 318, 342 (3d Cir. 2002) (expert opinion on how drug traffickers use cellular telephones and pagers); *United States v. Gibbs*, 190 F.3d 188, 211 (3d Cir. 1999) (expert testimony on coded drug language)."); *United States v. Watson*, 260 F.3d 301, 307 (3d Cir. 2001) ("The courts that have considered this issue [of the application of Rule 702] have recognized the operations of narcotics dealers as a proper field of expertise. It is well-established that government agents may testify to the meaning of coded drug language under Fed. R. Evid. 702. [Collecting cases]. In addition, 'experienced narcotics agent[s] may testify about the significance of certain conduct or methods of operation to the drug distribution business, as such testimony is often helpful in assisting the trier of fact understand the evidence.' . . . Thus, the operations of narcotics dealers have repeatedly been found to be a suitable topic for expert testimony because they are not within the common knowledge of the average juror.") (internal citations omitted).

Here, the Government has provided the defendant with notice of its intent to call TFO Carito as an expert witness in this case and that TFO Carito may provide expert opinions, in relevant part, as to "the lingo/terminology often used in the drug-trafficking world." Such opinions are admissible subject to the Government laying the proper foundation as to TFO Carito's relevant specialized knowledge and experience. As a result, Defendant's *in limine* motion will be denied. Nonetheless, should Defendant believe at trial that TFO Carito's testimony exceeds the limits permitted under the Rules of Evidence and pertinent case law, he may timely renew any objection to TFO Carito's testimony "concerning alleged drug jargon".

**ACCORDINGLY, THIS** \_\_\_10th\_\_\_ **DAY OF JANUARY, 2023, IT IS HEREBY ORDERED THAT** Defendant Rosario's Motion in Limine to Limit Testimony Concerning Alleged Drug Jargon (Doc. 103) is **DENIED**.

Robert D. Mariani
United States District Judge