**THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | **3:21-CR-206** |
| | : | **(JUDGE MARIANI)** |
| **MIGUEL EDUARDO ROSARIO,** | : | |
| | : | |
| **Defendant.** | : | |

## MEMORANDUM OPINION

### I. Procedural History and Background

On July 27, 2021, Defendant Miguel Eduardo Rosario was charged in a five-count indictment charging him with one count of conspiracy to distribute controlled substances resulting in serious bodily injury or death in violation of 21 U.S.C. § 846, two counts of distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1), one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c), and one count of firearms conspiracy in violation of 18 U.S.C. § 924(o).  (*See* Doc. 1).  Following a nine-day trial, Defendant was convicted on all counts.  Sentencing is now scheduled to be held on October 27, 2023.

Prior to trial, pursuant to 21 U.S.C. § 851(a), the Government filed an Information of Prior Convictions of Controlled Substance Offenses (Doc. 4), alleging the following convictions:

○ Manufacture, Delivery or Possession with Intent to Manufacture or Deliver
   Controlled Substances, in Berks County, Pennsylvania, a felony controlled

substance offense for which Defendant was charged in December of 2006 and sentenced in August of 2007.[1]

o   Manufacture, Delivery or Possession with Intent to Manufacture or Deliver Controlled Substances, in Berks County, Pennsylvania, a felony controlled substance offense for which Defendant was charged in May of 2013 and sentenced in September of 2014.[2]

On September 12, 2023, Defendant filed a "Response to Information of Prior Conviction" (Doc. 246) requesting a hearing pursuant to 21 U.S.C. § 851(c), as well as a "Memorandum in Support of Defendant's Written Response to Information of Prior Conviction and of Objections to the Presentence Report" (Doc. 247).  The Government filed a Sentencing Memorandum and a response to Defendant's filings on September 15, 2023, to which Defendant filed a Reply (Doc. 250).  On October 27, 2023, the Court held a hearing on Defendant's request for a hearing pursuant to § 851 and on Defendant's objections and heard oral argument from counsel for the Defendant and the Government.

The Court addresses herein Defendant's Objections set forth in his Response to the Information of Prior Conviction, his Pre-Sentence Report, and his briefs in support of his positions (see Docs. 239, 246, 247, 250).

---

[1] Although not set forth in the § 851 Notice, the parties agree that Defendant was convicted pursuant to 35 P.S. § 780-113(a)(30), related to cocaine and marijuana.

[2] Although not set forth in the § 851 Notice, the parties agree that Defendant was convicted pursuant to 35 P.S. § 780-113(a)(30), related to heroin.

## II. ANALYSIS

First, although Defendant acknowledges that "the plain text of 21 U.S.C.A. § 841(b)(1)(C) requires this Court to apply the definition for 'felony drug offense' and not 'serious drug felony'" (Doc. 247, at 17), he urges the Court to nonetheless apply the definition of "serious drug felony" set forth in § 841(b)(1)(A) and (B).  Defendant argues that the Court should interpret § 841(b)(1)(C) "to require a prior serious drug felony because any other reading would be absurd and inconsistent with Congressional intent" and that "permitting a mandatory life sentence to be triggered by a prior felony drug offense for § 841(b)(1)(C) convictions, whereas the trigger for §§ 841(b)(1)(A) and (B) convictions is a prior serious drug felony, lacks a rational basis." (Doc. 247, at 5).  The Court rejects these arguments.  Several courts have determined that the decision of Congress to amend the provisions of 21 U.S.C. § 841(b)(1)(A) and (b)(1)(B) without enacting a corresponding amendment to § 841(b)(1)(C) possesses a rational basis. *See United States v. Cardwell*, 71 F.4th 1122, 1135 (8th Cir. 2023) ("We hold that a sufficient rational basis exists for the distinction between the two classes of individuals because it is conceivable that Congress intends harsher punishments for street-level drug traffickers who *directly* sell smaller quantities to individuals who take them and the drug use results in death."); *United States v. Benjamin*, 2023 WL 1097559, *3 (2d Cir. 2023) ("Benjamin's argument that the exclusion of defendants sentenced under § 841(b)(1)(C) from First Step Act relief violates the Equal Protection Clause fails because Benjamin has not carried his burden of negating every conceivable basis which might support that exclusion."); *see also*, *United States v. Hixon*,

3

2019 WL 6617398, *4 (E.D. Ky. 2019) ("[T]here is a legitimate purpose to punish street-level

dealers for causing the death of street-level users.").  Further, the Third Circuit in *United

States v. Zayas*, 32 F.4th 211 (3d Cir. 2022) explained that the First Step Act, while

substituting the predicate convictions for enhanced sentences from a "felony drug offense"

to either a "serious drug felony or serious violent felony" under § 841(b)(1)(A) and

841(b)(1)(B), "did not make any revisions to § 841(b)(1)(C)", thereby recognizing the

deliberate decision of Congress to amend § 841(b)(1)(A) and (B) but not to amend §

841(b)(1)(C).

The First Step Act amended §§ 841(b)(1)(A) and (B) in several ways.  It lowered the

statutory minimum sentences therein and substituted the predicate convictions for enhanced

sentences from a "felony drug offense" to either a "serious drug felony or serious violent

felony" under 21 U.S.C. § 841(b)(1)(A) and replaced "felony drug offense" with "serious drug

felony or serious violent felony" under § 841(b)(1)(B).  *Zayas*, 32 F.4th at 230-231.  However,

the First Step Act did not alter or amend § 841(b)(1)(C), the subsection under which

Defendant Rosario was convicted in Count 1.  *Zayas*, 32 F.4th at 231.

Section 841(b)(1)(C), in relevant part, states:

> If any person commits such a violation after a prior conviction for a felony drug
> offense has become final . . . and if death or serious bodily injury results from
> the use of such substance shall be sentenced to life imprisonment. . .

21 U.S.C. § 841(b)(1)(C).  Section 802(44) of Title 21 defines the term "felony drug offense

as "an offense that is punishable by imprisonment for more than one year under any law of

the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances."

In contrast, to § 802(44), the section defining "serious drug felony" defines it as "an offense described in section 924(e)(2) of Title 18 for which--(A) the offender served a term of imprisonment of more than 12 months; and (B) the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense." 21 U.S.C. § 802(57). The definition of "serious drug felony" in turn relies upon a specific federal statutory definition as set forth in 18 U.S.C. § 924(e)(2). That section states that "the term 'serious drug offense' means-- (i) an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46 for which a maximum term of imprisonment of ten years or more is prescribed by law; or (ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law". 18 U.S.C. § 924(e)(2).

The distinction between the definition of "felony drug offense" in § 802(44) and "serious drug felony" in § 802(57), which in turn incorporates definitional terminology from 18 U.S.C. § 924(e)(2), leads this Court to conclude that the "looser categorical" approach applies where, as here, the Defendant's offenses are offenses under 802(44), that is "felony

drug offenses."  This approach is supported by the Third Circuit's observation in *United States v. Lewis*:

> In the typical application of the categorical approach, we would ask whether the elements of the state crime "match the elements" of the corresponding federal or generic crime. *Mathis v. United States*, 579 U.S. 500, 504, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016). Not so in this case, however, because Guidelines § 4B1.2(b) defines a "controlled substance offense" by reference to certain prohibited conduct, not by reference to a federal criminal statute or a "generic" crime like burglary. *See Shular v. United States*, ⸺ U.S. ⸺, 140 S. Ct. 779, 783, 206 L.Ed.2d 81 (2020). So we must "determine not whether the prior conviction was for a certain offense, but whether the conviction meets some other criterion." *Id.* at 783; *see id.* at 784-87 (applying this approach to the substantially similar definition of "serious drug offense" under 18 U.S.C. § 924(e)(2)(A)(ii)). In other words, there is no federal or generic offense to "match" (or not) the elements of the state offense. *See United States v. Portanova*, 961 F.3d 252, 256-58 (3d Cir.) (employing a "looser categorical approach" to define possession of child pornography that did not "require a precise match between the federal generic offense and state offense elements"), *cert. denied*, ⸺ U.S. ⸺, 141 S. Ct. 683, 208 L.Ed.2d 288 (2020).

58 F.4th 764, 767-768 (3d Cir. 2023).  Here, the term "felony drug offense" is defined by reference to certain conduct relating to "narcotics", not by reference to the Controlled Substances Act or any other federal criminal statute or generic crime.  Just as in *Lewis* where the Court said that it "must determine not whether the prior conviction was for a certain offense, but whether the conviction meets some other criterion", so too in this case this Court must determine not whether the prior conviction was for a certain offense but rather whether it is an "offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant

substances" as stated in § 802(44).  Accordingly, the Court rejects any argument that the

enhanced penalties of § 841(b)(1)(C) may not be applied to the defendant here because the

elements of the state crimes for which he was convicted fail to match the elements of any

corresponding federal or generic crime.

As a result, Rosario is subject to the mandatory term of life imprisonment under 21

U.S.C. § 841(b)(1)(C) where he has been convicted in this case of Conspiracy to Distribute

and Possess With Intent to Distribute Controlled Substance Resulting in Serious Bodily

Injury And Death (Count 1), in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C) in

connection with Nicolas Correa's overdose on September 14, 2018 as the result of his use

of fentanyl distributed by Defendant Rosario and in connection with Mr. Correa's death on

March 24, 2019, as a result of his use of heroin and fentanyl distributed by Defendant

Rosario and where Defendant has two prior "felony drug offenses" as defined under §

802(44).  In this respect, the Court finds the analysis of the District Court in *United States v.*

*Jackson*, 2023 WL 2816853 (M.D.Pa. April 6, 2023) supportive.  As recently explained by

the District Court in *Jackson*:

> . . . § 841(b)(1)(C) calls for a mandatory life sentence for defendants with a
> predicate "felony drug offense," which is defined in § 802(44) by reference to
> certain prohibited conduct, not by reference to a federal criminal statute or a
> generic crime like burglary or arson. Thus, the court must determine not
> whether [the defendant's] prior [state law] conviction was for a certain offense,
> but whether the conviction meets "some other criterion." *Shular v. United*
> *States*, 140 S. Ct. 779, 783 (2020); *United States v. Lewis*, 58 F.4th 764, 768
> (3d Cir. 2023). "In other words, there is no federal or generic offense to 'match'
> (or not) the elements of the state offense." *Lewis*, 58 F.4th at 768 (citing *United*
> *States v. Portanova*, 961 F.3d 252, 256–58 (3d Cir. 2020) (employing a "looser
> categorical approach" to define possession of child pornography that did not

"require a precise match between the federal generic offense and state offense element")).

*Jackson*, 2023 WL 2816853, at *3.

Here, even if the Court assumes that the state law definitions of cocaine and heroin sweep more broadly than those set forth under § 802(17) in defining "narcotic drugs", the Court rejects Defendant's argument that the state law convictions for cocaine and heroin are not "felony drug offenses" under 21 U.S.C. § 802(44).  The use of the language "related to" in § 802(44) works to broaden the scope of the restricted offenses included therein, including those involving "narcotic drugs".  This broadening language leads the Court to determine that it should apply a looser categorical approach for the predicate offenses defined with reference to prohibited conduct.  As explained by the Third Circuit in *United States v. Portanova*, the "looser categorical approach" does not require a precise match between the federal generic offense and state offense elements and "the phrase 'relating to' must be 'read expansively' and 'encompass[es] crimes other than those specifically listed in the federal statutes." 961 F.3d 252, 256 (3d Cir. 2020) (internal citations omitted).  Thus, in performing its analysis, a Court should look to whether there is a "logical or causal connection" between the statutory provisions and whether they "target the same, *core* criminal *conduct* such that they are 'directly analogous.'"  *Id*. at 258.  Upon consideration, it is clear that the overlap between the applicable federal statutory definitions and the state law definitions of cocaine and heroin are so significant that a logical or causal connection between them exists such that it can be said that they are "directly analogous."

8

The Court also notes Defendant's further objection to the Information of Prior Convictions of Controlled Substance Offenses, filed pursuant to § 851.  The Court does not agree with Defendant's assertion that the offenses described in the § 851 Notice may not be used to determine his base offense level for his guideline sentence because they are not "prior convictions for a similar offense" as set forth in § 2D1.1(a)(1) of the U.S. Sentencing Guidelines.  This argument was rejected by the Sixth Circuit in *United States v. Johnson* which held that "the term 'similar offense' is synonymous with the term "felony drug offense" for purposes of interpreting USSG § 2D1.1(a)(1)".  706 F.3d 728, 733 (6th Cir. 2013).  The Sixth Circuit reasoned:

> Notably, although USSG § 2D1.1(a)(1) uses the term "similar drug offense" and 21 U.S.C. § 841(b)(1)(C) uses the term "felony drug offense," the guideline and statute mirror one another in several respects. The statute provides that a defendant will be subject to a maximum statutory sentence of thirty years if the instant controlled substance offense was committed "after a prior conviction for a felony drug offense has become final." 21 U.S.C. § 841(b)(1)(C). However, "if death or serious bodily injury results from the use of such substance," the defendant will face a sentence of life imprisonment. *Id*. Thus, both the guideline provision and the statute contemplate sentencing a defendant to a term of life imprisonment if he has committed a controlled substance offense that resulted in death or serious bodily injury and has a prior conviction. In fact, USSG § 2D1.1(a)(1) merely reinforces the enhanced penalty mandated by statute. Taking into account the plain language of both the guideline provision and the statute, we conclude that the Sentencing Commission intended the term "similar offense" to be synonymous with the term "felony drug offense."

*Id*. at 731.  Similarly, the Fourth Circuit explained in *United States v. Fisher* that:

> the Guidelines do not require that the offenses involve identical controlled substances, but only that the offenses be similar. See USSG § 2D1.1(a)(1) ("defendant committed the offense after one or more prior convictions for a similar offense"). Next, the offenses are similar in that the intent in both involved distribution of controlled substances. *See United States v. Johnson*, 706 F.3d

728, 733 (6th Cir. 2013) (similar offense is synonymous with "felony drug offense"); *United States v. Westry*, 524 F.3d 1198 (11th Cir. 2008) (conviction for possession of pentazocine similar offense to conspiracy to possess with intent to distribute several types of controlled substances). Finally, Fisher alleges that the marijuana conviction did not involve death. The fact that the prior conviction did not involve serious bodily injury or death is irrelevant because 21 U.S.C. § 841(a) (2012) prescribes the unlawful act and 21 U.S.C. § 841(b)(1)(C) (2012) only prescribes the penalty, which takes into consideration whether serious bodily injury or death resulted from the unlawful act. We therefore conclude that the court did not err in applying the enhancement in USSG § 2D1.1(a)(1).

683 F.App'x 214, 215 (4th Cir. 2017).

Finally, the Court notes that if it were to determine the sentence in this case based upon an application of the Sentencing Guidelines, Rosario's Offense Level of 43 and Criminal History level of VI still produces a guideline sentence of life.  Further, even if the Court were to agree with Defendant that his base Offense Level is 38, not 43, this would produce a guideline sentence of 360 months to life, plus an additional 60 months.

### III. CONCLUSION

For the reasons set forth herein, Defendant's objections will be overruled.  The Court finds that Defendant Rosario's prior state law convictions for cocaine and heroin both qualify as "felony drug offenses" as stated in § 841(b)(1)(C) and that Defendant is subject to the statutorily mandated life-sentence set forth in that statute.

Robert D. Mariani
United States District Judge